**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2485-16T4

JOHN A. AMENDOLIA, III,

    Plaintiff-Appellant,

v.

GREGORY J. REYES,

    Defendant-Respondent.

_____

Argued May 17, 2018 — Decided June 25, 2018

Before Judges Simonelli and Haas.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Docket No. L-
1944-15.

Craig R. Fishman argued the cause for
appellant (Fishman & Fishman, LLC, attorneys;
Craig R. Fishman, on the brief).

Thomas P. Lihan, Deputy Attorney General,
argued the cause for respondent (Gurbir S.
Grewal, Attorney General, attorney; Melissa H.
Raksa, Assistant Attorney General, of counsel;
Thomas P. Lihan, on the brief).

PER CURIAM

    Plaintiff John A. Amendolia, III was on duty as a member of

the New Jersey National Guard when he sustained injuries while a

passenger in a New Jersey State Police vehicle. Defendant Gregory J. Reyes operated the vehicle while on duty and in the course of his employment as a New Jersey State Trooper.

Plaintiff sought compensation for his injuries under the Military Compensation Law (MCL), N.J.S.A. 38A:13-1 to -13. N.J.S.A. 38A:13-1 provides that a militia member injured in the line of duty is entitled to the same benefits provided in the Workers' Compensation Act (WCA), N.J.S.A. 34:15-7 to -22. Plaintiff filed a workers' compensation claim petition against the National Guard with the New Jersey Division of Workers' Compensation.[1] In a July 15, 2015 order approving settlement, plaintiff was found to be thirty-five percent permanently partially totally disabled and awarded $82,530 in disability benefits.

After receiving his award, plaintiff filed a negligence action against defendant. In granting summary judgment to defendant, the motion judge found plaintiff's action was barred under N.J.S.A. 38A:13-1.2, which provides as follows:

> Any person who becomes a member of the organized militia of the State of New Jersey <u>shall be deemed to have surrendered his right to any other method, form or amount of compensation or determination thereof from the</u>

---

[1] N.J.S.A. 38A:13-4 permits the Adjutant General to refer an injured militia member's claim to the New Jersey Division of Workers' Compensation.

State or the organized militia, other than as provided in this chapter for any injury or death occurring to him in line of duty. Such entry into the militia shall bind the member's personal representative, surviving spouse and next of kin, as well as the State of New Jersey and the organized militia.

Neither the State, the organized militia nor any member of the organized militia shall be liable to anyone at common law or otherwise for an injury or death compensable under this chapter, including any injury or death that results from an act or omission occurring while the member was in the same service of the organized militia as the person whose actions caused that injury or death, except for injury or death caused by an intentionally wrongful act of a comember.

[(Emphasis added).]

The judge determined that plaintiff received compensation for his injuries under the MCL, and the State was immune from liability under N.J.S.A. 38A:13-1.2. Having found the State was immune, the judge held that plaintiff's action against defendant was barred by N.J.S.A. 59:3-1(c) of the New Jersey Tort Claims Act (TCA), which provides that "[a] public employee is not liable for an injury where a public entity is immune from liability for that injury."

On appeal, plaintiff argues that in enacting the MCL, the Legislature did not include public employees, such as defendant, in the class protected from suit, but rather, limited the class to members of the militia. Plaintiff concludes the State is not

entitled to immunity under N.J.S.A. 38A:13-1.2 because defendant was not a militia member.

Plaintiff also argues that N.J.S.A. 59:3-1(c) does not apply because N.J.S.A. 38A:13-1.2 removed the State's immunity by requiring it to compensate militia members injured in the line of duty. Plaintiff concludes that absent the immunity, the State is liable for defendant's negligence under N.J.S.A. 59:3-1(a)[2] and N.J.S.A. 59:2-2(a).[3]

Our charge here is to interpret a statute. In performing that task, our review is de novo with no deference accorded the trial court's interpretative conclusions. Aronberg v. Tolbert, 207 N.J. 587, 597 (2011) (citation omitted).

"The Legislature's intent is the paramount goal when interpreting a statute[.]" DiProspero v. Penn, 183 N.J. 477, 492 (2005). As our Supreme Court has instructed:

> To discern the Legislature's intent, courts first turn to the plain language of the statute in question. In reading the language used by the Legislature, the court will give words their ordinary meaning absent any

---

[2]  N.J.S.A. 59:3-1(a) provides that "[e]xcept as otherwise provided by this act, a public employee is liable for injury caused by this act or omission to the same extent as a private person."

[3]  N.J.S.A. 59:2-2(a) provides that "[a] public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances."

> direction from the Legislature to the
> contrary. "If the plain language leads to a
> clear and unambiguous result, then [the]
> interpretive process is over."
>
> [TAC Assocs. v. N.J. Dep't of Envtl. Prot.,
> 202 N.J. 533, 540-41 (2010) (alteration in
> original) (citations omitted).]

See also N.J.S.A. 1:1-1.

The plain language of N.J.S.A. 38A:13-1.2 clearly and unambiguously provides that the MCL is the exclusive remedy for a militia member injured in the line of duty and the State is immune "for an injury . . . compensable under [the MCL], including any injury . . . that results from an act or omission" of another militia member. The term "include" is a "word[] of enlargement and not of limitation and . . . examples specified thereafter are merely illustrative." Jackson v. Concord Co., 54 N.J. 113, 126-27 (1969). Thus, the immunity provided by N.J.S.A. 38A:13-1.2 is not limited to militia members. Because plaintiff received compensation for his injuries under the MCL, the State is immune from liability.

Contrary to plaintiff's argument, N.J.S.A. 38A:13-1.2 did not remove the State's immunity. N.J.S.A. 59:1-6 provides that "[n]othing in [the TCA] shall be construed to affect, alter or repeal any provision of the military and veterans law . . . except as specifically provided in repealer section [N.J.S.A.] 59:12-

2[.]" N.J.S.A. 59:12-2 does not identify N.J.S.A. 38A:13-1.2 as one of the repealed sections. In <u>Phillips v. State, Dep't of Defense</u>, 98 N.J. 235 (1985), the Court concluded that:

> the retention of the . . . [MCL] by the . . . [TCA], N.J.S.A. 59:1-6, indicates that the Legislature did not intend to open the State to civil liability to servicemen whose remedy against the State had already been provided for by the . . . [MCL]. Indeed, the Legislature explicitly provided in the . . . [TCA] that the State was not to be held liable for injury "[e]xcept as otherwise provided" by the [TCA]. N.J.S.A. 59:2-1.
>
> [<u>Id.</u> at 242 (ninth alteration in original).]

N.J.S.A. 59:2-1(b) provides that "[a]ny liability of a public entity established by [the TCA] is subject to any immunity of the public entity and is subject to any defenses that would be available to the public entity if it were a private person." As such, the State maintains its immunity under the MCL and cannot be held liable for plaintiff's injuries compensated thereunder. Because the State is immune from liability for plaintiff's injuries under the MCL, defendant is immune under the TCA, N.J.S.A. 59:3-1(c). See <u>Graber v. Richard Stockton College of New Jersey</u>, 313 N.J. Super. 476, 487 (App. Div. 1998).

Reading N.J.S.A. 38A:13-1.2 and N.J.S.A. 59:2-1(b) together aligns with this State's strong public policy against double recoveries and the Legislature's intent in passing N.J.S.A.

6

38A:13-1.2. The plain and clear language of N.J.S.A. 38A:13-1.2 suggests the Legislature intended to prevent double recovery by an injured militia member already provided compensation under the MCL, as it mandates the surrender of any "right to any other method, form or amount of compensation or determination thereof from the State or the organized militia[.]" Moreover, N.J.S.A. 38A:13-1.2 immunizes the State, organized militia, or any militia member against liability once the injured militia member receives compensation under the MCL. Thus, the statute ensures the injured militia member is only compensated once. This mirrors the WCA's bar against double recovery, N.J.S.A. 34:15-40, once an injured party is awarded benefits, which are the same benefits awarded under the MCL. See N.J.S.A. 38A:13-1. Because plaintiff was compensated under the MCL for his injuries, he cannot obtain any additional recovery from the State or defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION